**WEN JUAN CHEN, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General,[1] Respondent.**

No. 07–1699–ag.

United States Court of Appeals, Second Circuit.

Dec. 17, 2007.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

**440**

Weishan Wang, Capital Law Group, LLP, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Lisa M. Arnold, Senior Litigation Counsel, Janice K. Redfern, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. REENA RAGGI, Hon. RICHARD C. WESLEY and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Wen Juan Chen, a native and citizen of the People's Republic of China, seeks review of an April 9, 2007 order of the BIA affirming the August 24, 2005 decision of Immigration Judge ("IJ") Douglas B. Schoppert denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Wen Juan Chen,* No. A95 687 611 (B.I.A. Apr. 9, 2007), *aff'g* No. A95 687 611 (Immig. Ct. N.Y. City Aug. 24, 2005). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA affirms the IJ's decision in all respects but one, we review the IJ's decision as modified by the BIA decision, i.e., "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir. 2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296 (2d Cir.2007) (en banc).

■ We conclude that the IJ's finding that Chen failed to meet her burden of proof was supported by record evidence. With regard to past persecution, the IJ noted that Chen "was only detained in this case for five hours" and that "[s]he was not physically mistreated during that time." The IJ concluded that this was not "serious enough harm to constitute persecution." It is well established that brief periods of detention, on their own, do not rise to the level of persecution. *See Joaquin–Porras v. Gonzales,* 435 F.3d 172, 182 (2d Cir.2006); *Ai Feng Yuan v. U.S. Dep't of Justice,* 416 F.3d 192, 198 (2d

Cir.2005). Therefore, the IJ's finding that Chen did not suffer past persecution was proper.

■ In finding that Chen had not demonstrated a likelihood of future persecution, the IJ noted that: 1) the police had not bothered her between her alleged detention in 2002 and her departure from China in 2004, and 2) her mother and sisters did not have any trouble with the police. We have held that to establish asylum eligibility based on future persecution, an applicant must show that he or she subjectively fears persecution and that this fear is objectively reasonable. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004). We have also held that it is not improper for the agency to consider an applicant's claim of a well-founded fear to be weakened where family members remain in his or her native country, *see Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir.1999) (finding that where asylum applicant's mother and daughters continued to live in petitioner's native country, claim of well-founded fear was weakened), and that a fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best," *Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir.2005). While Chen's mother and classmate have allegedly warned her that the police continue to look for her, this does not constitute "solid support" sufficient to counter the IJ's finding that there was no objective fear of persecution.

■ For these reasons, substantial evidence supports the IJ's finding that Chen was unable to meet her burden of proof to demonstrate her eligibility for asylum.

Further, Chen's inability to meet the burden of proof for asylum necessarily precludes eligibility for withholding of removal, which carries a higher burden of proof. 8 U.S.C. § 1231(b)(3)(A); *Ramsameachire*, 357 F.3d at 178.

■ Finally, while Chen challenges the agency's denial of her application for CAT relief in her brief to this Court, she did not do so in her brief to the BIA. For that reason, she has failed to exhaust that claim. *See* 8 U.S.C. § 1252(d)(1). This Court is therefore barred from considering that portion of Chen's petition for review, and it is dismissed. *Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).